## No. 7567.*

WHITE, RICHARDS & CO. ET AL. VS. WAGGAMAN, SHERIFF, ET ALS.

A sheriff cannot be held responsible for refusing to collect the rents of real property under seizure, where the third party in possession claims to be the owner under a recorded title, where he is refused an indemnity bond and where it is decided that such third party was really the legal owner of the property. He fulfilled his duty by registering the seizure. By acting as required, he might have exposed himself to damages,

APPEAL from the Fourth District Court for the Parish of Orleans. Houston, J.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an action to hold a sheriff and his sureties liable for rents not collected by the former from a property under seizure by him.

The defense is, that the sheriff did not collect the rents besause he was notified by the wife of the alleged owner of the property, one of the defendants in the suit, that title thereto was in her, under a duly recorded act; because he was not furnished an indemnity bond, which he had called for; because by proceeding, as requested, he would have exposed himself to damages; because he did all the law demanded of him and followed the instructions of counsel of plaintiffs.

From a judgment in favor of the defendants, the plaintiffs have appealed.

The evidence establishes the correctness of the main facts urged in defense. The property in question was subsequently recognized by this Court as belonging to Mrs. Jackson. 33 A. 160.

The sheriff did his duty by registering the seizure in the mortgage office. He was justified in declining to seize the rents and compel payment of the same by a party in possession, who was the real owner of it. He is not responsible.

This case cannot be distinguished from that of the same plaintiffs against Handy, sheriff, to whom the same writs had been transmitted by Waggaman, and in which it was sought by them for the same reason to fasten a liability on him for his failure to collect the rents of this identical property. N. R. —; O. B. 56, fo. 388. See 34 A. 862, Coste vs. Handy.

Judgment affirmed.

Fenner, J., recused, as of counsel.

_____

* This case was decided in April, 1883.